# Weekly Advance Abstract Opinions
# CURRENT OHIO COURT of APPEALS CASES

No. 189
## PFEIL v. STATE
Ohio Court of Appeals, Cuyahoga County
No. 4416, Jan. 29, 1923
This opinion has not been published except in Abstract.

RECEIVING STOLEN PROPERTY—(1) Proof of crime—(2) Admission of immaterial evidence—(3) Failure to prove ownership of property—(4) Technical error.

SULLIVAN, P. J.:
Epitomized Opinion
Error to Cuyahoga Court of Common Pleas

Pfeil was indicted and convicted for receiving a certain Ford automobile alleged to have been stolen from and have been the property of the Owen Shop Co., a corporation. Pfeil claims that the crime alleged was not proved, that lower court erred in admitting certain immaterial evidence, and that the ownership of the automobile was not proved.

Held by Court of Appeals in affirming the conviction:

1. A conviction of receiving stolen property will be affirmed if it is proven that the property was stolen, that it was in the possession of the defendant, and that the defendant had guilty knowledge of the larceny of said property.

2. Admission of evidence as a matter of res gestae which is immiterial is error but not prejudicial error.

3. Failure to prove that the owner of the property was a corporation as alleged in the indictment does not render a verdict of guilty contrary to law.

4. Error must be more than technical; it must be prejudicial if the judgment is to be reversed by the reviewing court.

Attorneys—Hartrath & Champ, for Pfeil; E. C. Stanton, for State.

No. 190
## ROSANSKY v. ROSANSKY
Ohio Court of Appeals, Cuyahoga County
No. 4160, Jan. 29, 1923
This opinion has not been published except in Abstract.

ALIMONY—(1) Courts have no equitable cognizance of—(2) Order dividing property is attempt at equitable division.

PER CURIAM:
Epitomized Opinion
Error to Municipal Court of Cleveland

Bessie Rosansky sued Boris Rosansky, her husband, in the lower court for permanent alimony and "at least one-half of certain property" of the husband. The lower court ordered that Boris should convey by a deed in fee simple to Bessie R. an individual half of said property for alimony, and if he failed so to do, the court order should operate as such conveyance. Boris was also ordered to pay a certain weekly sum to Bessie R., which alimony was made a lien on the real property of said Boris. A motion for a new trial by Boris was overruled. The Court of Appeals in granting a new trial held:

1. Allowance of alimony in Ohio is regulated entirely by statute and the courts have no equitable congnizance of the same.

2. An order dividing the husband's property and awarding part of it as alimony is an attempt at equitable division, contrary to 11198 GC.

Attorneys—Samuel Rembrandt and L. L. Robertson, for Boris R.; J. C. Bloch, for Bessie R.

No. 191
## KLONOWSKI v. MONCZEWSKI
Ohio Court of Appeals, Cuyahoga County
No. 4157, Jan. 27, 1923
This opinion has not been published except in Abstract.

ORAL CONTRACT—(1) In absence of agreement agent's liability depends upon diligence—(2) Unintelligible matter in charge to jury not necessarily error—(3) Parol evidence may not vary a written agreement.

PER CURIAM:
Epitomized Opinion
Error to Municipal Court of Cleveland

Monczewski paid $827 to Klonowski, who conducted a private bank, and was given a receipt stating that said money was to be remitted to a certain bank in Warsaw, Poland. Monczewski claimed a verbal agreement with Klonowski whereby Klonowski should deposit said money, after changing it into 42,000 Polish marks, within ten weeks or return the money. Klonowski denied that a time limit was set or that there was an agreement to return the money. Klonowski did not deposit said money until one year after receiving it. Judgment for Monczewski in Municipal Court. Held by Court of Appeals in affirming the decision:

1. In the absence of an express agreement the liability of Klonowski as agent depended upon his diligence. No facts explaining the delay were pleaded nor proved.

2. Though some of the charge to the jury was unintelligible, and unnecessary, such error was not prejudicial if the real issue was properly submitted.

3. The rule that parol evidence may not be introduced to vary a written agreement was not violated.

Attorneys—Stearns, Chamberlain & Royan, for Klonowski; V. J. Conrad, for Monczewski.

No. 192
## SEUFSER v. BUSSE
Ohio Court of Appeals, Cuyahoga County
No. 4208, Feb. 5, 1923
This opinion has not been published except in Abstract.

EVIDENCE—(1) Trial court in better position to judge weight of testimony.

PER CURIAM:
Epitomized Opinion
Error to Municipal Court of Cleveland

Busse drove his machine into that of Seufser which was parked in front of Seufser's residence. The accident occurred at night and there was no tail light on Seufser's car. Seufser filed a counterclaim asking for damages for the negligence of Busse in running into the car, and denying that he was himself negligent. Seufser claims that the judgment in Municipal Court in favor of Busse and against Seufser was contrary to the weight of the testimony. Held by Court of Appeals in affirming the judgment:

1. The trial court having heard the stories of the witnesses and observed their manner of testifying is in a better position to judge the weight of the testimony than a reviewing court is. The judgment of the lower court not being manifestly against the weight of the testimony will not be disturbed.

Attorneys—L. D. Hedwick, for Seufser; Krueger & Pelton, for Busse.